UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEON BURROUGHS<br><br>Plaintiff<br><br>v.<br><br>LISA MIELNIK<br><br>Defendant | Case No. 1:19-cv-02978<br><br>**COMPLAINT**<br>WITH JURY DEMAND |

### SUMMARY OF THE ACTION

1. Defendant Lisa Mielnik, in her capacity as a Cleveland police detective, signed a probable cause affidavit to obtain a warrant for the arrest of Plaintiff Leon Burroughs, which resulted in his false arrest and unlawful detention.

2. Mielnik did not have probable cause to obtain a warrant for Burrough's arrest:

   a. The alleged May 26, 2019 crime arose out of a domestic argument between the victim and the perpetrator at her Cuyahoga Metropolitan Housing Authority apartment. The victim knew the identity of the perpetrator and knew he was not Leon Burroughs.

   b. The victim knew the identity of the perpetrator because she lived with him in her CMHA apartment. Leon Burroughs lives in Hilliard, a suburb of Columbus, Ohio. Burroughs had never been to Cleveland *in his entire life*.

   c. The victim knew the identity of the perpetrator because the perpetrator had fathered a child with the victim. Leon Burroughs is a complete stranger to the victim. Burroughs has never met the victim and has never fathered children *with anyone*.

   d. The victim told the CMHA Police the perpetrator's name, that he had fathered children with the victim, and that he lived with the victim in her CMHA apartment.

1

  e. The victim alleged to the CMHA Police that the perpetrator threatened her, left their home, then returned, banged on the door, and then broke into the house by punching through a bedroom window. The perpetrator took his possessions from the house and left the premises. While this domestic dispute was happening between people he did not know, Burroughs was in Hilliard, Ohio, over one hundred miles away.

  f. Burroughs had no criminal record and had never been arrested or even accused of a crime.

  g. The only remote similarity between Leon Burroughs and the perpetrator (who was known to the victim) is that Burroughs' name allegedly sounds similar to the perpetrator's name and both men are black.

3. Despite the victim knowing exactly who the perpetrator was, such that she could have readily identified him for the detective if given the opportunity, Mielnik did not speak to the victim before she signed a probable cause affidavit seeking the arrest of an innocent stranger from another city.

4. Instead, Mielnik sought and obtained a warrant for the arrest of Burroughs on a charge of aggravated burglary.

5. Burroughs was detained for 36 hours in the Cuyahoga County Jail until his initial appearance before a judge. At that hearing, the both the police and the prosecution readily admitted that Burroughs was not the perpetrator and that there was no probable cause for his arrest.

6. This action seeks to compensate Burroughs for the deprivation of his rights under 42 U.S.C. § 1983 *et seq.*

## JURISDICTIONAL ALLEGATIONS

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under a law of the United States, *viz.,* 42 U.S.C. § 1983.

8. This Court has personal jurisdiction over the parties because they are all residents of the state of Ohio.

9. This Court is a proper venue under 28 U.S.C. § 1391(b)(1) because the defendant resides in Ohio.  It is also a proper venue under § 1391(b)(2) because the events giving rise to the claim occurred in this judicial district.

10. The Eastern Division of this Court is the proper division of the district under Local Rule 3.8(a) because the grounds for venue all relate to Cuyahoga County.

11. The Cleveland Office of the Eastern Division of this Court is the proper office under Local Rule 3.8(b) because the defendant resides in Cuyahoga County.

## FACTUAL ALLEGATIONS

12. On May 26, 2019, there was a domestic dispute between a man and a woman who had children together and stayed in the same residence.  The argument led to the man leaving the premises, but later returning.  According to the woman, the man banged on the door, but she would not let him inside; he then broke through a bedroom window, gathered his belongings, and left the premises.

13. The woman reported this incident to the Cleveland Police and identified the man involved.

14. Mielnik received the file but never interviewed the victim or confirmed with her the man's identity.  Instead, Mielnik entered into a database search a name that sounded similar to the one provided in the woman's initial report.  The database returned "Leon Burroughs," an African-American man of the Columbus area.

15. Mielnik made no effort to verify Burroughs' identity or residence, or to otherwise investigate whether he was the man involved in the incident or identified by the victim.  Nor did Mielnik make any attempt to contact Burroughs himself.

16. Instead, Mielnik submitted a probable cause affidavit and obtained a warrant for Burroughs' arrest.  The warrant was issued June 3, 2019.

17. Three days later, Burroughs received through the mail notice that a warrant for his arrest had been issued in Cleveland. He later received a second mailing. These mailings were solicitations (apparently from criminal defense lawyers) that said, "For Advertising Use Only," so Burroughs first thought they were a scam. But when he was able to verify that there were, in fact, charges against him in Cleveland, he was shocked and terrified. He was particularly distressed that he would be arrested at his workplace in front of his employer and co-workers, or at home in front of family or friends, who would be led to believe that he may have committed a crime, forever altering their perceptions of him.

18. On June 11, 2019, Burroughs rode a bus for three hours to Cleveland and retained a criminal defense attorney.

19. On June 11, 2019, Burroughs surrendered himself to the Cleveland Police. He was processed and booked into the Cuyahoga County Jail.

20. Leon Burroughs was incarcerated for 36 hours until his arraignment.

21. On June 13, 2019, Burroughs had his first appearance in court. His defense attorney explained that Burroughs had no connection to Cleveland, the victim, or the incident, and was hours away in Columbus at the time of the alleged crime. The prosecutor advised the Court that the State wished to dismiss the case and there was "no probable cause" for the arrest. The Court dismissed the charges and Burroughs was finally released.

## CAUSE OF ACTION

22. This cause of action arises under 42 U.S.C. § 1983 for the deprivation of Burroughs' rights secured by the Constitution. This cause of action incorporates all the foregoing allegations of this Complaint.

23. This cause of action is brought against Mielnik in her personal capacity. At all relevant times, she was acting under color of state law and within the scope of her employment as a detective of the City of Cleveland Police Department. As such, the City of Cleveland shall provide her a defense and indemnify her in the amount of any judgment under O.R.C. 2744.07.

24. Mielnik deprived Burroughs of his rights under the Fourth Amendment to be free from false arrest and wrongful detention by securing his arrest and detention by way of a probable cause affidavit when she lacked probable cause. The contours of those rights are sufficiently clear to a reasonable official in Mielnik's position, and such an official would understand that what she was doing violated those rights. In other words, the unlawfulness of Mielnik's actions were clear in the context of preexisting law.

25. A reasonably well-trained officer in Mielnik's position would have known that her affidavit failed to establish probable cause and that she should not have applied for a warrant. Indeed, Mielnik failed to pursue readily available information regarding the identity of the perpetrator, and recklessly disregarded the truth relating to the perpetrator's identity as well as Burroughs' innocence.

26. As a direct and proximate result of Mielnik's unlawful actions, Burroughs was deprived of his constitutional rights, and suffered economic and non-economic damages, including reputational injury, severe emotional distress, and mental anguish.

## PRAYER FOR RELIEF

Therefore, Burroughs demands judgment against Mielnik as follows:

A. Compensatory damages in an amount to be determined at trial;

B. Attorney's fees and expert fees under 42 U.S.C. § 1988;

C. Pre- and post-judgment interest;

D. Sealing or expungement of all relevant records; and

E. Any other relief available at law or equity.

Respectfully submitted,

s/ Drew Legando
Drew Legando (0084209)
Tom Merriman (0040906)
Edward S. Jerse (0013155)
**MERRIMAN LEGANDO WILLIAMS & KLANG, LLC**
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113

        T. (216) 522-9000
        F. (216) 522-9007
        E. drew@merrimanlegal.com
         tom@merrimanlegal.com
         edjerse@merrimanlegal.com

*Counsel for Plaintiff*

Case: 1:19-cv-02978-CAB Doc #: 1 Filed: 12/27/19 6 of 6. PageID #: 6